UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JAMIE A. NAUGHRIGHT

                Plaintiffs,

        -against-

DONNA KARAN WEISS, URBAN ZEN, LLC.,
STEPHEN M. ROBBINS, JOHN DOES 1-25

                Defendants.
------------------------------------------------------------------X

Index No. 10 CIV 8451 (RWS)(HP)

**Memorandum of Law In Support of Motion to Dismiss Amended Complaint**

## MEMORANDUM OF LAW

1

# TABLE OF CONTENTS

| | |
|---|---|
| **TABLE OF AUTHORITIES** | 3-4 |
| **INTRODUCTION** | 5 |
| **THE LEGAL STANDARD OF REVIEW** | 5-6 |
| **ARGUMENT** | |
|     COUNT III: FRAUD BY ROBBINS | 6 |
|     COUNT V: BATTERY BY ROBBINS | 8 |
|     COUNT IV: MEDICAL MALPRACTICE BY ROBBINS | 11 |
|     COUNT II: NEGLIGENCE BY ROBBINS | 11 |
|     COUNT VI: FAILURE TO OBTAIN INFORMED CONSENT | 12 |
| **CONCLUSION** | 13 |

# TABLE OF AUTHORITIES

**CASE LAW**

| | |
|---|---|
| *Matson v. Board of Education.*, 631 F.3d 57, 63 (2d Cir. 2011) | 5 |
| *Ruston v. Town Bd.*, 610 F.3d 55, 58-59 (2d Cir. 2010) | 5 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). | 5,13 |
| *Naughright v. Weiss*, NO. 10 CIV. 8451 (RWS), 2011 WL 5835047 (S.D.N.Y., November 18, 2011) | 6,7,8,11,12,13 |
| *SEC Investor Protection Corp. v. Stratton Oakmont, Inc.* 234 B.R. 293, 309 (S.D.N.Y.1999) | 6 |
| *Wallace v. New York City Department of Corrections*, 95 CV 4404, 1996 WL 586797 (E.D.N.Y. 1996) | 6,9,10 |
| *Colliton v. Cravath, Swaine & Moore LLP,* No. 08 Civ 0400 (NRB) WL 4386764 (S.D.N.Y. September 24, 2008) | 6,9 |
| *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) | 7 |
| *Kaufman v. Cohen*, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157 (1st Dept. 2003) | 7 |
| *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993) | 7 |
| *Wende C. v. United Methodist Church*, 4 N.Y.3d 293, 794 N.Y.S.2d 282 (2005) | 8 |
| *Gause v. Chace Home Finance LLC,* No. 09 CV 4886 (JS), 2010 WL 843945, (E.D.N.Y. March 9, 2010) | 9 |
| *Martin v. Edwards Labs.*, 60 N.Y.2d 417 (1983) | 10 |
| *Toth v. Community Hosp. at Glen Cove*, 22 N.Y.2d 255, 292 (1968) | 11 |
| *Akins v. Glens Falls City School District*, 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644 (1981) | 11 |
| *Cipriano v. Ho*, 29 Misc.3d 952, 955 (N.Y.Sup.Ct.2010) | 12 |
| *Johnson v. Jacobowitz*, 65 A.D.3d 610, 614, (2d Dep't 2009) | 12 |
| *Abram v. Children's Hosp. of Buffalo*, 151 A.D.2d 972 (4th Dep't 1989) | 12 |

*Zimmerman v. N.Y. City Health & Hosps. Corp.*, 91 A.D.2d 290, 291
(1st Dep't 1983)                                                                 13

*Henry v. Bronx Lebanon Med. Ctr.*, 53 A.D.2d 476, 481 (1st Dep't 1976)   13

**STATUTES AND RULES**

FRCP 12(b)(6)                                                                    5,9,13

FRCP 9 (b)                                                                       7

CPLR 215(3)                                                                      10

CPLR 203(f)                                                                      10

CPLR 203(e)                                                                      10

CPLR 3012                                                                        11

CPLR 203                                                                         11

FRCP 12 (f)                                                                      12

McKinney's Public Health Law 2805-d(1)                                           12,13

McKinney's Public Health Law 2805-d(4)                                           12

## INTRODUCTION

Pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, defendant Stephen M. Robbins (hereinafter "Robbins") moves to dismiss the five causes of action set forth against him in plaintiff's amended complaint dated December 3, 2011, (hereinafter "Amended Complaint"). To avoid redundancy, we refer the Court to the Affirmation of Laura E. Rodgers submitted in support of defendants Donna Karan Weiss and Urban Zen's Motion to Dismiss the Amended Complaint for a recitation of the relevant procedural history. We also adopt all arguments and points of law as set forth in the Karan Defendants' accompanying Memorandum of Law as if incorporated fully herein. For the sake of brevity, it should suffice to say that all of the causes of action set forth in the Amended Complaint are still largely (if not solely) based on Robbins' lack of licensure and the defendants' alleged misrepresentations about and/or their alleged failure to disclose this information to the plaintiff prior to her undergoing Robbins' "healing services" in November 2009.

## THE RULE 12(B)(6) STANDARD

A complaint may be dismissed under Rule 12(b)(6) if a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Therefore, to survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief <u>that is plausible on its face</u> (emphasis added)." *Matson v. Board of Education.*, 631 F.3d 57, 63 (2d Cir. 2011). Assessing the plausibility of claims "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ruston v. Town Bd.*, 610 F.3d 55, 58-59 (2d Cir. 2010) (internal citations omitted). Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007). To the contrary, "[c]ourts are free to disregard legal conclusions, deductions or opinions couched as factual allegations." *Naughright v. Weiss,* NO. 10 CIV. 8451 (RWS), 2011 WL 5835047 ( S.D.N.Y., November 18, 2011)[1] *citing SEC Investor Protection Corp. v. Stratton Oakmont, Inc.* 234 B.R. 293, 309 (S.D.N.Y.1999). The Court also has no obligation to accept as true an amended complaint's allegations if they directly contradict the facts set forth in the original complaint. *Wallace v. New York City Department of Corrections*, 95 CV 4404, 1996 WL 586797, at *2 (E.D.N.Y. 1996). Indeed, when a plaintiff blatantly changes her statement of the facts in order to respond to the dismissal of a previous complaint, a court is authorized to reject the amended allegations and to accept the facts described in the original complaint as true. *Id.; See also, Colliton v. Cravath, Swaine & Moore LLP*, No. 08 Civ 0400 (NRB), 2008 WL 4386764, at *13 (S.D.N.Y. September 24, 2008).

As will be argued more fully below, the Amended Complaint should be dismissed for failure to state a claim as a matter of law because it is comprised almost entirely of the same allegations and unsupported legal conclusions set forth in the plaintiff's original Complaint (and the papers submitted in opposition in the defendants' original motion to dismiss) that were already deemed insufficient by the Court in *Naughright I.* The Amended Complaint should also be dismissed because the limited new "facts" set forth therein directly contradict the allegations set forth in the original Complaint and are, therefore, also insufficient to state a claim on which relief can be granted as a matter of law.

## ARGUMENT

### Count III: Fraud by Robbins

---

[1] This Court's decision to dismiss the plaintiff's original complaint is hereinafter sometimes referred to as "*Naughright I.*"

To state a viable cause of action for fraud under New York law, a plaintiff must allege (1) a misrepresentation or material omission of fact which was false, (2) knowledge by the party making the representation or omission that it was false when made, or the representation was made recklessly without regard to whether it was true or false, (3) justifiable reliance by the plaintiff, and (4) resulting injury. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) citing *Kaufman v. Cohen*, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157 (1st Dept. 2003). Pursuant to Rule 9 (b) of the Federal Rules of Civil Procedure, the circumstances constituting the alleged fraud must also be stated with particularity. *Naughright*, 2011 WL 5835047 (internal citations omitted); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993). Specifically, "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills*, 12 F.3d at 1175.

To support her claim of fraud in the original Complaint, the plaintiff alleged three somewhat specific statements to Robbins, i.e., "I [Stephen M. Robbins] am affiliated [or associated] with UCLA Medical Center," "I [Stephen M. Robbins] am affiliated [or associated] with the Los Angeles Police Department," and "I [Stephen M. Robbins] can cure you." *Naughright*, 2011 WL 5835047 (quoting ¶ 92 of the original Complaint). The original Complaint still failed, however, to state where and when the statements were made or provide an explanation as to why the statements were fraudulent. *Id.* "Without this specific information," held the Court, "the Plaintiff's fraud claim against Robbins cannot survive." *Naughright*, 2011 WL 5835047, at *12.

The Amended Complaint alleges essentially the same statements that were attributed to Robbins in the original Complaint, i.e., Robbins stated that (i) he was associated with UCLA

7

Medical Center and USC Medical Center, that (i) he provided services to the Los Angeles Police Department, and that (iii) he could "cure" the plaintiff (Amended Complaint, ¶20, ¶49). With respect to the first two statements, the Amended Complaint now also alleges where and when these statements were purportedly made (i.e., at a luncheon attended by the plaintiff) (Amended Complaint, ¶20). **Still fatally absent, however, is any explanation as to why these alleged statements were fraudulent.** To be sure, there is nothing in the Amended Complaint to suggest that these statements are not, in fact, actually true.

### COUNT V: BATTERY BY ROBBINS

To make out a prima facie claim of battery the plaintiff must establish (1) the defendant made bodily contact, (2) that was harmful or offensive, (3) without the plaintiff's consent. *Wende C. v. United Methodist Church*, 4 N.Y.3d 293, 794 N.Y.S.2d 282 (2005). In her original Complaint, the plaintiff <u>readily admitted</u> "that she consented to the bodily contact made by Robbins at the time the contact was made,[2]" but based her claim for battery "on the theory that her consent was invalid because it was obtained by fraud..." (i.e., she was unaware that Robbins was not a licensed health care provider). *Id.* As explained by the Court in *Naughright I*, however, allegations that the plaintiff was induced into consenting to treatment by the defendant's misrepresentation that he was properly skilled or licensed <u>do not give rise to a claim for battery under New York law.</u> *Naughright*, 2011 WL 5835047, at *4. *citing Brown*, 242 N.Y. at 178-181. Thus, held the Court, the plaintiff's repeated admissions that she consented to the treatment made clear that "[b]attery [was] not the appropriate cause of action for the conduct plaintiff allege[d]." *Naughright*, 2011 WL 5835047, at *3.

---

[2] *Naughright*, 2011 WL 5835047, at *3 *citing* ¶79 of the original Complaint (["plaintiff Jamie A. Naughright allowed Stephen M. Robbins to touch her person in the bedroom of Donna Karan Weiss at 55 Central Park West, which had been partially converted to resemble a physical therapy room"]).

Now, despite those repeated admissions, the Amended Complaint attempts to imply that the plaintiff did not actually consent to Robbins' treatment and, instead, alleges that "Robbins failed to obtain [the plaintiff's] consent..." and performed his treatment "without warning" (Amended Complaint, ¶27, 64, 65). While it is generally true that when deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court should accept all factual allegations in the complaint as true, <u>the court has no obligation to accept as true an amended complaint's allegations if they directly contradict the facts set forth in the original complaint</u>. *Wallace,* 1996 WL 586797, at *2. To the contrary, when a plaintiff blatantly changes her statement of the facts in order to respond to the dismissal of a previous complaint, a court is authorized to reject the amended allegations and to accept the facts described in the original complaint as true. *See, Colliton,* 2008 WL 4386764, at *13; *Gause v. Chace Home Finance LLC,* No. 09 CV 4886 (JS), 2010 WL 843945, at *2 (E.D.N.Y. March 9, 2010) (plaintiff's original complaint conclusively established lack of merit despite her conflicting amended pleading).

Here, there can be no doubt that to accept the plaintiff's amended allegations as true, one must completely disregard every allegation and theory pled in the original Complaint. Indeed, the entire premise of the plaintiff's grievance was, and remains, <u>that she consented to treatment by Robbins</u> because she was unaware of his lack of licensure and that the defendants are somehow liable to her for their alleged failure to disclose that information. To contradictorily allege otherwise now is not only implausible, it is frivolous and sanctionable[3]. *See, Colliton,* 2008 WL 4386764, at *13; *Gause,* 2010 WL 843945, T *2 (evasive pleading in an amended complaint that directly contradicts the original complaint is frivolous at best and, arguably, outright malicious). Because the plaintiff's consent to the bodily contact made by Robbins

---

[3] It should not be lost on the Court that the plaintiff's former attorney, bound by ethical and Rule 11 constraints, <u>did not include</u> these allegations in the original Complaint or in his arguments against the dismissal of same.

9

cannot plausibly be disputed, her claim for battery should again be dismissed. *Wallace*, 1996 WL 586797, at *2 (because"[t]he plaintiff blatantly changed his statement of the facts in order to respond to the defendant's motion to dismiss...and in [his] amended complaint, directly contradicts set forth in the original complaint...this court accepts the facts as described in the original complaint as true").

Finally, it should be noted that, even if the Court were to accept these new and contradictory allegations as true, the plaintiff's claim for battery would still be time barred by the applicable statute of limitations. *See,* CPLR §215(3) (actions to recover damages for battery must be commenced within one year). Accepting plaintiff's allegations as true, the alleged battery occurred on November 8, 2009, almost two years prior to the filing of the Amended Complaint (i.e., on or about December 3, 2009) and well outside the one year state of limitations for this claim. The plaintiff also cannot argue that her claim of battery "relates back" to the filing of the original Complaint as the new allegations she pleads to support this claim are wholly contradictory to the transactions and occurrences set forth in the original Complaint. Indeed, the heart of the plaintiff's amended battery claim is that Robbins made bodily contact without her consent, whereas there was no mention of non-consensual contact in her original Complaint (to the contrary, the plaintiff repeatedly admitted that she consented to the contact in the original Complaint). *See,* CPLR §203(f) (a claim asserted in an amended pleading does not relate back to the original pleading unless the original pleading gives notice of the facts that must be proved pursuant to the amended pleading). Accordingly, since the facts necessary to prove a claim for battery (i.e., non-consensual touching) were not set forth in any pleadings until long after the one-year limitations period expired, it is not saved by the relation back provision of CPLR 203(e) and should be dismissed. *See, Martin v. Edwards Labs.*, 60 N.Y.2d 417 (1983) (because the

original complaint did not sufficiently state circumstances that would give adequate notice of the facts now alleged to support the cause of action, the cause of action is not saved by the relation back provision of CPLR 203).

### COUNT IV: MEDICAL MALPRACTICE BY ROBBINS

To make out a *prima facie* claim of medical malpractice under New York Law, the plaintiff must prove that (1) Robbins departed from the accepted standards of practice in the community in which he practices, and that (2) Robbins' negligent conduct was a proximate cause of her alleged injuries. *Toth v. Community Hosp. at Glen Cove*, 22 N.Y.2d 255, 292 (1968). In *Naughright I*, the Court found that the Complaint "fail[ed] to allege Robbins' conduct to have deviated from the applicable standard of care." 2011 WL 5835047, at *7. A review of the Amended Complaint reveals that the plaintiff again failed to allege this requisite deviation.

The CPLR §3012 requires that any complaint in a medical malpractice action be accompanied with a certificate of merit attesting to the matter being reviewed by a health care professional and the attorney on behalf of the litigant concluding that there is a reasonable basis to proceed. Plaintiff has failed to serve and file such a certificate and for the all of the forgoing reasons, the medical malpractice claims should be dismissed.

### COUNT II: NEGLIGENCE BY ROBBINS

To establish a negligence cause of action, a plaintiff must demonstrate (1) a duty of care owed to the plaintiff; (2) a breach of that duty; (3) that the breach is a proximate cause of plaintiff's injury or damages; and (4) that the plaintiff suffered a legally cognizable injury or damages. *Akins v. Glens Falls City School District*, 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644

11

(1981). Here, the Amended Complaint fails to allege any duty owed to the plaintiff by Robbins separate or distinct duty set forth as the basis for her "Medical Malpractice" claim. Thus, because Count II is, at best, merely duplicative of Count IV, this cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(f) as redundant.

### COUNT VI: FAILURE TO OBTAIN CONSENT BY ROBBINS

A cause of action for "lack of informed consent" under New York Law is statutory in nature and "means the failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical, dental or podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation." McKinney's Public Health Law § 2805-d(1). To sustain a cause of action for lack of informed consent, it must also be pled "that a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if he had been fully informed [of the above]...." McKinney's Public Health Law § 2805-d(4).

In her original Complaint the plaintiff focused <u>solely</u> on Robbins' failure to disclose his deficient qualifications as the basis for her alleged "lack of informed consent." As explained by the Court *Naughright I,* however, allegations that Robbins had a duty to disclose his qualifications <u>are insufficient to support a valid cause of action for lack of informed consent as a matter of law</u>. 2011 WL 5835047, at *7. To the contrary, under New York law, "Robbins had no duty to disclose his qualifications...[because] informed consent does not require disclosure of the qualifications of personnel providing the professional treatment.'" *Naughright,* 2011 WL 5835047, at *7 citing *Cipriano v. Ho,* 29 Misc.3d 952, 955 (N.Y.Sup.Ct.2010); *Johnson v. Jacobowitz,* 65 A.D.3d 610, 614, (2d Dep't 2009); *Abram v. Children's Hosp. of Buffalo,* 151

A.D.2d 972 (4th Dep't 1989); *Zimmerman v. N.Y. City Health & Hosps. Corp.*, 91 A.D.2d 290, 291, (1st Dep't 1983); *Henry v. Bronx Lebanon Med. Ctr.*, 53 A.D.2d 476, 481 (1st Dep't 1976).

In an attempt to plead around the Court's previous dismissal of this claim, the Amended Complaint now includes the legal conclusions set forth in §2805-d(1) (i.e., Robbins failed to disclose alternative to the treatment he was about to provide" and "Robbins failed to disclose the reasonably foreseeable risks and benefits of the treatment he was about to provide") (Amended Complaint, ¶70-71)). **Still conspicuously missing, however, are any factual allegations to support these legal conclusions.** *See, Bell Atlantic Corp.,* 550 U.S. at 555 (the Court is not bound to accept as true a legal conclusion couched as a factual allegation); *Naughright,* 2011 WL 5835047, at *14 ("[c]ourts are free to disregard legal conclusions, deductions or opinions couched as factual allegations") (internal citations omitted). The plaintiff does allege that she "would not have allowed [Robbins] to touch her...had she known the truth about Robbins' qualifications" (Amended Complaint, ¶39); however, as made clear by the Court in *Naughright I*, those allegations are irrelevant and insufficient to support a valid cause of action for lack of informed consent as a matter of law.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Robbins respectfully requests an Order, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, dismissing the causes of action as against Robbins in the Amended Complaint for failure to state a claim upon which relief can be granted. Robbins also respectfully requests that that any attempts by plaintiff to further amend or supplement her claims be denied as futile.

Dated: Stony Point, New York
      January 9, 2012

                              GRANT RICHMAN, PLLC
                              Attorneys for Plaintiff

By: _____
                              Howard S. Richman (HR0344)
                              Liberty Building Rt. 9W
                              Stony Point, New York  10980
                              (845)271-4633

TO:

Jamie A. Naughright
**Plaintiff Pro Se**
**1627 Sherwood Lakes Blvd**
**Lakeland, Florida 33809**

Gordon & Silber, PC
**Attorney for Defendants**
**DONNA KARAN WEISS and**
**URBAN ZEN, LLC**
**355 Lexington Ave**
**New York, NY 10017-6603**