**10 CIV 8451 (RWS)(HP)**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMIE A. NAUGHRIGHT,

        Plaintiff(s),

-against-

DONNA KARAN WEISS, URBAN ZEN, LLC., STEPHEN M. ROBBINS, JOHN DOES 1-25,

        Defendant(s).

---

## MEMORANDUM OF LAW

---

**Grant Richman, PLLC**
*Howard S Richman, of counsel*
*Attorneys for Defendant ROBBINS*
Liberty Building  Rt. 9W
Stony Point, NY  10980
(845) 271-4633

# TABLE OF CONTENTS

| | |
|---|---|
| **Introduction** | 1 |
| **Rule 59(e) and Local Civil Rule 6.3 Standard** | 2 |
| **Cause of Action for Fraud Should Have Been Dimissed** | 3 |
| **Conclusion** | 7 |

# TABLE OF AUTHORITIES

**CASES**

Naughright, 2011 WL 760185……………………………………….. 1,2

Spiegler v Israel Discount Bank of New York, No 01 Civ.6364 (WK), 2003 WL 21983018 (SDNY 2003) 2

Ramirez v United States, No. 98 Crim. 927 (RWS), 2012 WL 753763(2012)…. 2

Henderson v Metro.Bank & Trust Co., 502 F. Supp. 2d 372(SDNY 2007) ……….. 3

Superhighway, Inc. v Talk America, Inc. 2003 WL 22705132 (SDNY2003)…….. 3

Parrish v Sollecito, 253 F. Supp 2d 713 (SDNY 2003)…………………………. 3

Catskill Dev. LLC v Park Place Entertainment Corp. 154 F Supp 2d 296 (SDNY 2001)….. 3

Ades v Deloitte & Touche, 843 F. Supp. 888 (SDNY 1994)…………………….. 3

Adelphia Recovery Trust v Bank of America, 2010 WL 2077214(SDNY 2010) …………… 3

Levin v Tiber Holding Corp. 227 F.3d 243 (2nd cir 2002)……………………………….. 3

First Investors Corp. v Liberty Mutual Insurance Co. 152 F. 3d 162 (2d Cir 1998) …………. 3

Risk v Cohen, 73 NY2d 98 (1989)………………………………………………….. 4,5

Simcuski v Saeli, 44 NY2d 442 (1978)………… …………………………………. 4,5,6

Atton v Bier, 12 AD 3d 240 (1st Dept. 1990)………………………………………… 4

Harkin v Culleton, 554 NYS 2d 478 (1st Dept. 1990) ……………………………… 4

Giannetto v Knee, 82 AD 3d 1043 (2nd Dept. 2011)………………………………….. 4

Spinosa v Weinstein, 168 AD2d 32,( 2nd Dept. 1991) …………………………….. 4,5,6

Owen v Applebaum, 205 AD 2d 976 (3d Dept. 1994),……………………………… 4

Coopersmith v Gold, 172 AD2d 982 (3d Dept 1991)………………………………. 4,5,6

La Brake v Enzien, 167 AD 2d 709 (3d Dept 1990)……………………………….. 4

Romatowski v Hitzig, 227 AD2d 870 (3d Dept 1996)……………………………… 5

Luciano v Levine, 232 AD 2d 378 (2d Dept 1996)………………………………… 5,6

Meyers v Epstein, 232 F. Supp 2d 192 (SDNY 2002)..................................................  5

Karlin v IVF America, Inc. 239 AD 2d 560 (2nd Dept 1997)......................................  5

Schmidt v Bishop, 779 F. Supp 321(SDNY 1991)........................................................  5

Carofino v Forester, 450 F. Supp 2d 257 (SDNY 2006)..............................................  5

Detwiler v Bristol-Meyers Squibb Co., 884 F. Supp. 117 (SDNY 1995)..........................  5

Frangipane v Dow Corning Corp. 1998 WL 142354 ( SDNY 1998)...................................  6

Phillips v Orentreich 1995 WL 351532 (SDNY 1995).........................................................  6

Mylon v Hackensack University Medical Center,2007 WL 778137 (NDNY 2007)..............  6

**STATUTES**

FRCP 56 (c)                                                                                              1,7

FRCP 59 (e) ..................................................................................................  1

FRCP 12 (b)(6)...............................................................................................  1,7

Local Civil Rule 6.3........................................................................................  1,7

## Introduction

Pursuant to Federal Rules of Civil Procedure 59(e) and/or Local Civil Rule 6.3 Rule 12(b)(6), defendant Stephen M. Robbins (hereinafter "ROBBINS") moves (i) pursuant to Federal Rule of Civil Procedure 56(c) and Local Civil Rule 6.3, for reconsideration of the portion of the Court's March 8, 2012 Opinion and Order (*Naughright v. Weiss,* No. 10 Civ. 8451(RWS), 2012 WL 760185 (S.D.N.Y. Mar. 8, 2012)[1] that denied ROBBINS' motion to dismiss Count III of the Amended Complaint (i.e., for fraud) in its entirety, and (ii) an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the cause of action for Count III of the Amended Complaint in its entirety. denied ROBBINS' Rule 12(b)(6) motion to dismiss the plaintiff's cause of action for fraud in its entirety.  The Court is referred to the March 16, 2012 Affirmation of Howard S. Richman submitted in support of ROBBINS' within Motion for Reconsideration for a full recitation of the relevant procedural history.

In sum, the plaintiff's Amended Complaint set forth five causes of action against ROBBINS: (1) negligence, (2) fraud, (3) medical malpractice, (4) battery, and (5) failure to obtain consent, all of which ROBBINS moved, pursuant to Rule 12(b)(6), to dismiss for failure to state a claim on which relief could be granted as a matter of law.  Specifically, as to the cause of action for fraud, ROBBINS argued that same should be dismissed in its entirety on the grounds that the plaintiff's allegations of fraud did not satisfy Rule 9(b) pleading requirements and, <u>even assuming that plaintiff's allegations satisfy the pleading requirements of Rule 9(b)</u>, because, based on the facts alleged, the plaintiff could not concurrently sustain a claim for malpractice and a claim for fraud as a matter of law.[2]

---

[1] Hereinafter referred to as "*Naughright II.*"

[2] This point was also argued in ROBBINS' Memorandum of Law and Reply Memorandum of Law submitted in support of his Motion to dismiss the original complaint, and in the Karan Defendants' Memorandum of Law and Reply Memorandum of Law submitted in support of their motion to dismiss the original complaint.

In *Naughright II*, the Court (i) denied ROBBINS' motion to dismiss with respect to the causes of action for negligence, medical malpractice, battery, and failure to obtain consent, (ii) granted in part ROBBINS' motion to dismiss the cause of action for fraud to the extent that same was based on statements that "[ROBBINS'] could cure [the plaintiff]" and/or that "[ROBBINS] was affiliated as a medical doctor with the LAPD, and (iii) allowed part of the cause of action for fraud to proceed to the extent that same was based on ROBBINS' alleged statements that he "was associated with UCLA Medical Center" and "associated with USC Medical Center." It is clear, however, that the Court's denial of ROBBINS' motion to dismiss Count III in its entirety was based <u>solely</u> on its finding that the Amended Complaint satisfied the Rule 9(b) pleading requirements with respect to certain statements. *See, Naughright II,* 2012 WL 760185 at *8-9. **The Court's Opinion also makes clear that it overlooked ROBBINS' argument, and the controlling and unanimously applied case law in support thereof, that, separate and apart from any Rule 9(b) pleading issues, the plaintiff's cause of action for fraud should have still been dismissed in its entirety for failure to state a valid claim for relief as a matter of law.** *See, Id.*

<u>Rule 59(e) and Local Civil Rule 6.3 Standard</u>

The purpose of a request for reconsideration is to invite review of a ruling on the ground that the court overlooked material facts or controlling decision that, had they been considered by the court, would have required a different result. *Spiegler v. Israel Discount Bank of New York,* No. 01 Civ. 6364(WK), 2003 WL 21983018, at *1 (S.D.N.Y. Aug. 19, 2003) *citing* S.D.N.Y. Civ.R. 6.3. A court may grant reconsideration where the moving party demonstrates the need to correct a clear error by setting forth controlling decisions or material facts that were overlooked by the court and would reasonably be expected to alter the court's conclusion. *See, Ramirez v.*

2

*United States,* No. 98 Crim. 927(RWS), 2012 WL 753763, at *1 (S.D.N.Y. Mar. 7, 2012) *citing Henderson v. Metro. Bank & Trust Co.,* 502 F.Supp.2d 372, 375–76 (S.D.N.Y.2007); *Superhighway, Inc. v. Talk America, Inc.,* No. 03 Civ. 1995 (RWS), 2003 WL 22705132, at *1 (S.D.N.Y. Nov. 17. 2003) (internal citations omitted); *Parrish v. Sollecito,* 253 F.Supp.2d 713, 715 (S.D.N.Y.2003) ("[r]econsideration may be granted to correct clear error..."); *Catskill Dev., L.L.C. v. Park Place Entertainment Corp.,* 154 F.Supp.2d 696, 701–02 (S.D.N.Y.2001) (reconsideration was appropriate based on the court's erroneous application of a statute).

For purposes of reconsideration, "controlling decisions" generally include decisions from the United States Court of Appeals for the Second Circuit. *See, Ades v. Deloitte & Touche,* 843 F.Supp. 888 (S.D.N.Y.,1994). Where like here, however, the Court is sitting in diversity over disputes involving questions of state law, the applicable "controlling decisions" are decisions from the New York Court of Appeals (and non-contradictory decisions from the lower state courts and applicable District Courts). *See, Adelphia Recovery Trust v. Bank of America,* No. 05 Civ. 9050(LMM), 2010 WL 2077214, at *2 (S.D.N.Y. May 14, 2010) (for a state law question, the holdings of the state's highest court presumptively control) *citing Fabozzi v. Lexington Insurance Co.,* 601 F.3d 88, 91-92 (2d Cir.2010); *See also, Levin v. Tiber Holding Corp.,* 277 F.3d 243 (2d Cir. 2002) ("this Court, sitting in diversity, must follow the holdings of the New York Court of Appeals..."); *First Investors Corp. v. Liberty Mutual Insurance Co.,* 152 F.3d 162, 165 (2d Cir.1998).

### The Cause of Action for Fraud Should Have Been Dismissed in its Entirety

With respect to the issue at hand, New York law is very clear: plaintiffs bringing medical malpractice claims are limited in their ability to concurrently bring claims for fraud, and may do so <u>only</u> where (i) the alleged fraud occurs <u>separately from and subsequent to the malpractice</u>, and

3

then still only when (ii) the fraud claim gives rise to damages <u>separate and distinct</u> from those flowing from the malpractice[3]. *See, Rizk v Cohen,* 73 N.Y.2d 98, 105-06 (1989); *Simcuski v. Saeli,* 44 N.Y.2d 442, 451 (1978); *Atton v. Bier,* 12 A.D.3d 240 (1st Dept. 2004) ("the damages resulting from the fraud must be separate and distinct from those generated by the alleged malpractice") (internal citations omitted); *Harkin v. Culleton,* 554 N.Y.S.2d 478 (1st Dept. 1990) (to sustain a separate cause of action for fraud, the plaintiff must allege that the personal injuries caused by the fraud are different from those caused by the malpractice); *Giannetto v. Knee,* 82 A.D.3d 1043 (2d Dept. 2011) (cause of action alleging fraud properly dismissed where the plaintiff did not allege that she suffered any damages from Knee's alleged fraud that were separate from those caused by his alleged malpractice); *Spinosa v. Weinstein,* 168 A.D.2d 32, 42 (2d Dept. 1991) ("[i]t is only when the alleged fraud occurs separately from and subsequent to the malpractice that a plaintiff is entitled to allege and prove a cause of action for intentional tort and then only where the fraud claim gives rise to damages separate and distinct from those flowing from the malpractice"); *Owen v. Applebaum,* 205 A.D.2d 976 (3d Dept 1994) (plaintiff could not sue for both fraud and malpractice because fees paid to defendant doctor for the treatment are recoverable under malpractice and are not separate and distinct damages); *Coopersmith v. Gold,* 172 A.D.2d 982, 983 (3d Dep't 1991); *La Brake v. Enzien,* 167 A.D.2d 709, 711-712 (3d Dept. 1990) (even when construing the complaint liberally in favor of the plaintiff on this motion to dismiss, the fraud claim cannot be maintained because the damages sustained by virtue of a fraud are not different or additional to those sustained by virtue of any malpractice). **New York law is also very clear that, where a plaintiff alleges she was physically injured because of the defendant's medical malpractice and that she was**

---

[3] The limited circumstances contemplated by the Court where a plaintiff could concurrently sustain a claim for medical malpractice and a claim for fraud would be if the defendant physician made a fraudulent statement to the plaintiff *after* the alleged malpractice which the plaintiff relied on and was, therefore, deprived of a the opportunity for cure of the condition initially caused by the doctor's alleged malpractice. *See, Simcuski,* 44 N.Y.2d at 451.

4

**induced to undergo the medical treatment at issue because of the defendant's fraudulent conduct, "then the damages allegedly sustained by virtue of the fraud are not separate and distinct from the damages allegedly sustained by virtue of the malpractice" as a matter of law.** See, *Spinosa,* 168 A.D.2d at 42; *Romatowski v. Hitzig,* 227 A.D.2d 870, 872 (3d Dept. 1996); *Luciano v. Levine,* 232 A.D.2d 378, 379 (2d Dept. 1996).

The United States District Courts, including the Southern District of New York, have also been unanimous in their application of the above well settled rules. *See, e.g., Meyers v. Epstein,* 232 F.Supp.2d 192, 200 (S.D.N.Y.2002) ("[u]nder New York Law, '[w]here a fraud claim gives rise to damages which are not separate and distinct from those flowing from an alleged medical malpractice cause of action, it must be dismissed.'") *quoting Karlin v. IVF America, Inc.,* 239 A.D.2d 560, 561 (2d Dept. 1997) *citing Rizk* 73 N.Y.2d at 105-06 (other citations omitted); *See also, Schmidt v. Bishop,* 779 F.Supp. 321, 327 (S.D.N.Y.1991) ("it is only where the alleged fraud occurs separately from and subsequent to the alleged malpractice that a plaintiff is entitled to allege and prove a cause of action for [fraud]...and then still only where the fraud claim gives rise to damages separate and distinct from those following from the malpractice") *quoting Spinosa,* 168 A.D.2d at 42, *citing Coopersmith,* 172 A.D.2d at 983; *Carofino v. Forester,* 450 F.Supp.2d 257, 267-68 (S.D.N.Y., 2006) ("...plaintiff's bringing medical-malpractice claims are limited in their ability to concurrently bring claims for fraud...an additional fraud claim is only viable where the physician knows of the malpractice and subsequently makes an intentional misrepresentation to his patient which he knows to be untrue, and upon which the patient relies to his or her detriment") *citing Simcuski,* 406 N.Y.S.2d 259; *Detwiler v. Bristol-Myers Squibb Co.,* 884 F.Supp. 117 (S.D.N.Y. 1995) (the complaint fails to state a claim for fraud because the fraud did not occur after the malpractice and the damages alleged are not distinct from those resulting from the malpractice) *citing Simcuski,* 44 N.Y.2d at 452, *Spinosa,* 168 A.D.2d 32,

5

*Harkin,* 156 A.D.2d 19, *Coopersmith,* 172 A.D.2d 982; *Frangipane v. Dow Corning Corp.*, No. 95 CIV. 6214(RPP), 1998 WL 142354, at *4 (S.D.N.Y. Mar.27, 1998) ("when the fraud exists in connection with medical malpractice, the plaintiff must allege that the fraud occurred separately from and subsequent to the malpractice and the defendant's knowledge of the injury. The damages must also be distinct from those flowing from the malpractice") *citing Simcuski,* 44 N.Y.2d 442, *Spinosa,* 168 A.D.2d 32, *Coppersmith,* 172 A.D.2d 982; *Phillips v. Orentreich,* No. 94 Civ. 4175 (RWS), 1995 WL 351532, at *4 (S.D.N.Y. June 09, 1995) ("When a claim of fraud is asserted in conjunction with one for medical malpractice, the plaintiff must allege more than simply the common law elements of fraud…in order to maintain a separate cause of action for fraud, a plaintiff must allege that the fraud occurred separately from and subsequent to (1) the malpractice, and (2) the defendant's knowledge of the injury") *citing Simcuski,* 44 N.Y.2d at 451, *Spinosa,* 168 A.D.2d 32, *Coopersmith,* 172 A.D.2d 982, *Harkin,* 554 N.Y.S.2d 478; *Gotlin v. Lederman,* 367 F.Supp.2d 349 (E.D.N.Y. 2006) ("Generally, when a claim of fraud is pleaded in combination with medical malpractice and is based upon the same events, the plaintiffs may only proceed on the malpractice claim. Plaintiffs must not only distinguish the elements of fraud and malpractice, they must also show unique damages in order to recover under the fraud theory") *citing Simcuski,* 44 N.Y.2d at 451, *Luciano,* 232 A.D.2d at 379, *Coopersmith,* 172 A.D.2d at 568; *Mylon v. Hackensack University Medical Center,* No. 5:06-CV-268 (FJS/GHL), 2007 WL 778137 (N.D.N.Y. March 9, 2007) (plaintiff's cause of action for fraud dismissed where there is no allegation that defendants made a subsequent misrepresentation.

As was argued in ROBBINS' Motion to Dismiss the Amended Complaint,[4] even accepting plaintiff's allegations as true, it is clear (and undisputed) that the fraudulent statements

---

[4] This point was also argued in ROBBINS' Memorandum of Law and Reply Memorandum of Law submitted in support of his Motion to dismiss the original complaint, and in the Karan Defendants' Memorandum of Law and Reply Memorandum of Law submitted in support of their motion to dismiss the original complaint.

purportedly made by ROBBINS <u>were made prior to the alleged malpractice.</u> It is also clear that the Amended Complaint <u>does not (and cannot) allege the existence any injuries allegedly flowing from the fraud that are separate and distinct from those the plaintiff allegedly sustained as a result of the alleged malpractice.</u> Accordingly, separate and apart from any Rule 9(b) pleading issues, the plaintiff's cause of action for fraud should have been dismissed in its entirety for failure to state a valid claim for relief based on the well settled and controlling principle set forth above.

**Conclusion**

**WHEREFORE**, for the reasons set forth above, ROBBINS respectfully requests and Order, pursuant to an order pursuant to Federal Rules of Civil Procedure 56(c) and 12(b)(6), and Local Civil Rule 6.3, dismissing Count III of the Amended Complaint in its entirety.

Dated: March 16, 2012
      New York, New York

                                 Respectfully submitted,

                                 GRANT RICHMAN, PLLC

                                 By:  Howard S. Richman, Esq. (HSR0344)
                                 Attorneys for Defendant
                                 Stephen M. Robbins
                                 Liberty Building RT 9W
                                 Stony Point, New York 10980
                                 845-271-4633

To:     **Via Email and Certified Mail**
Ms. Jamie Naughright
Plaintiff *Pro Se*
1627 Sherwood Lakes Blvd.
Lakeland, Florida 33809
jamieannnaughright@gmail.com
jnaughright@gmail.com

**Via Email**
GORDON & SILBER, P.C.
Attorneys for Defendants
DONNA KARAN WEISS and
URBAN ZEN, LLC
355 Lexington Avenue, 7th Floor
New York, NY 10017-6603
lrodgers@gordon-silber.com

8