UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jamie A. Naughright, | INDEX NO. |
| Plaintiff, | ___-cv-_____ |
| - against – | (_____)(_____) |
| Woodson Merrell, MD<br>Urban Zen, LLC,<br>Urban Zen Foundation, and<br>Donna Karan Weiss, | **COMPLAINT** |
| Defendants. | **DEMAND FOR<br>JURY TRIAL** |

Plaintiff Jamie A. Naughright, by and through her undersigned attorney, for her complaint against defendants, alleges as follows:

1. A related action is proceeding before this Court, styled: <u>Jamie A. Naughright v. Donna Karan Weiss, Urban Zen, LLC, Stephen M. Robbins, and John Does 1-25</u>, Case No.: 10 Civ. 8451 (RWS)(HP). Plaintiff's allegations in the related action are hereby incorporated by reference.

## I.     JURISDICTION

2.     This is an action for damages that exceed $75,000.00, exclusive of interest and costs, between citizens of different states. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## II. VENUE

3.     Venue is appropriate in the District Court for the Southern District of New York, because the majority of the actions and omissions giving rise to Plaintiff's claims occurred within this district.

## III. PARTIES

4.     Plaintiff JAMIE ANN NAUGHRIGHT (NAUGHRIGHT) is a citizen of the United States who is a resident of and is domiciled in Florida. She resides at 1627 Sherwood Lakes Boulevard, Lakeland, Florida.

5.     Defendant WOODSON MERRELL, MD, (MERRELL) is a citizen of the United States who, upon information and belief, is a resident of and is domiciled in New York.  MERRELL is Chairman of the Department of Integrative Medicine at Beth Israel Medical Center, with a principal place of business at 245 Fifth Avenue, 2nd Floor, New York, NY 10016.

6.  Defendant URBAN ZEN, LLC, (UZC) is a for-profit corporation incorporated under the laws of the State of Delaware, and doing business in New York with an address for service of process at Four Times Square, New York, NY 10036.

7.  Defendant URBAN ZEN FOUNDATION, (UZF) is a non-for-profit corporation incorporated under the laws of the State of New York, with a business address of 570 7th Ave., Suite 703, New York, NY 10018.

8.  Collectively, UZC and UZF are called URBAN ZEN.

9.  DONNA KARAN WEISS (KARAN WEISS) is a citizen of the United States who is a resident of and is domiciled in New York. She resides at 55 Central Park West, New York, NY 10023.

10. Defendant KARAN WEISS is a managing member and principal in URBAN ZEN, LLC and the URBAN ZEN FOUNDATION.

## IV. FACTS

11. NAUGHRIGHT was injured by the fraudulent and negligent medical treatment provided under the guise of URBAN ZEN.

12. KARAN WEISS established URBAN ZEN for "Integrative Medicine." URBAN ZEN was established as a health clinic to provide "healing services" for profit.

13. The two URBAN ZEN defendants were treated as one entity, with a mingling of funds, lack of proper corporate formalities, and insufficient funds to pay just debts.

14. KARAN WEISS engaged MERRELL to act as medical director for the clinic, because of because of MERRELL's credentials as Chairman of the Department of Integrative Medicine at Beth Israel.

15. He held himself out to be medical director of the clinic. Because of his personal credentials, Plaintiff reasonably relied on this representation.

16. Upon information and belief, MERRELL was an employee, supervisor, and/or shareholder in URBAN ZEN.

17. Prior to November 7, 2009, MERRELL had treated or consulted on behalf of Plaintiff, NAUGHRIGHT. This treatment led Plaintiff to rely on MERRELL's representations.

18. On November 7 & 8, 2009, URBAN ZEN hosted a "Healing Weekend," to gain publicity and money. It invited Stephen M. Robbins

(Robbins), defendant in the related action, to treat patients. (See attached list of patients)

19. MERRELL in fact attended portions of the weekend. He was treated by Robbins, resulting in injury to the neck, jaw, and back.

20. MERRELL therefore had actual knowledge of Robbins' lack of qualifications. He had reason to know that Robbins was never a medical nor chiropractic doctor, nor had any degree or certification for physical manipulation of patients.

21. Robbins affirmatively misrepresented himself at the November 7 URBAN ZEN lunch, by saying he was affiliated with three Los Angeles institutions, UCLA, USC and the LAPD.

22. MERRELL knew or should have known this was false.

23. Yet MERRELL did not intervene to stop Robbins' treatments. Subsequently, NAUGHRIGHT was treated and injured by Robbins. Had MERRELL intervened, these injuries never would have occurred.

24. In fact, NAUGHRIGHT was never warned about the dangers of Robbins' treatments.

25. KARAN WEISS, in her position of principal at URBAN ZEN, held herself out as a "healer." At the November 7 luncheon, she also

reaffirmed Robbins' misrepresentations, by reiterating his claims that "he is affiliated with UCLA, USC and the LAPD.

26.   On November 8, 2009, NAUGHRIGHT received treatment from Robbins, under the auspices of URBAN ZEN.  These treatments, provided by Robbins, consisted of vigorous manipulations of her spine and jaw.

27.   ROBBINS' "treatment" caused serious and permanent injury to NAUGHRIGHT. He ruptured a cervical disk in her neck causing multiple bulging discs; stenosis and a midthoracic herniated disc, fractured and dislocated her jaw causing damage to her hearing and balance. He caused a spinal fusion which has required a bone graft in her neck. NAUGHRIGHT has had to undergo surgeries and many diagnostic procedures including MRI, CT scans, nuclear medicine tests, and myleogram. She has been diagnosed with thoracic outlet syndrome and double crush syndrome/injury. NAUGHRIGHT has experienced debilitating pain as a result of these injuries. She was unable to drive a car for more than a year and was unable to perform the simple tasks of daily living.

28.   The fact that she had been injured in several places on her body was not apparent to Plaintiff that day.

## COUNT ONE

## Medical Malpractice – MERRELL, URBAN ZEN, and Donna Karan

29. As in the related action for malpractice against Robbins, Robbins performed medical care below the standard for chiropractic manipulations, which breach of the duty of care caused harm.

30. Robbins held himself out to be a medical practitioner.

31. MERRELL had a duty to the patients being treated under URBAN ZEN to know of Robbins' lack of qualifications and unfitness to perform manipulations.

32. MERRELL breached that duty.

33. MERRELL's breach caused harm to the plaintiff. Warning her would have prevented her injuries.

34. NAUGHRIGHT has suffered bodily injury, both temporary and permanently, pain and suffering and loss of income.

35. WHEREFORE, the Plaintiff, JAMIE ANN NAUGHRIGHT, demands judgment against the Defendant MERRELL, for general and special damages, economic and noneconomic damages, and all other and further relief the Court deems just and proper under the circumstances.

## COUNT TWO

### Medical Malpractice – URBAN ZEN

36. As in the related action for malpractice against Robbins, Robbins performed medical care below the standard for chiropractic manipulations, which breach of the duty of care caused harm.

37. Robbins held himself out to be a medical practitioner.

38. URBAN ZEN held itself out to be a health clinic.

39. URBAN ZEN had a duty to the patients being treated under URBAN ZEN to know of Robbins' lack of qualifications and unfitness to perform manipulations.

40. URBAN ZEN breached that duty.

41. URBAN ZEN breach caused harm to the plaintiff. Warning her would have prevented her injuries.

42. NAUGHRIGHT has suffered bodily injury, both temporary and permanently, pain and suffering and loss of income.

43. WHEREFORE, the Plaintiff, JAMIE ANN NAUGHRIGHT, demands judgment against the Defendant URBAN ZEN, for general and special damages, economic and noneconomic damages, and all other and further relief the Court deems just and proper under the circumstances.

## COUNT THREE

### Medical Malpractice – KARAN WEISS

44. As in the related action for malpractice against Robbins, Robbins performed medical care below the standard for chiropractic manipulations, which breach of the duty of care caused harm.

45. Robbins held himself out to be a medical practitioner.

46. KARAN WEISS held herself out to be a health care provider.

47. KARAN WEISS had a duty to the patients being treated under URBAN ZEN to know of Robbins' lack of qualifications and unfitness to perform manipulations.

48. KARAN WEISS breached that duty.

49. KARAN WEISS breach caused harm to the plaintiff. Warning her would have prevented her injuries.

50. NAUGHRIGHT has suffered bodily injury, both temporary and permanently, pain and suffering and loss of income.

51. WHEREFORE, the Plaintiff, JAMIE ANN NAUGHRIGHT, demands judgment against the Defendant KARAN WEISS, for general and special damages, economic and noneconomic damages, and all other and further relief the Court deems just and proper under the circumstances.

## COUNT FOUR

### Vicarious liability – MERRELL, URBAN ZEN, and KARAN WEISS

52. Robbins' was an actual or apparent agent of URBAN ZEN and its principals.

53. Robbins committed negligent or intentional acts that harmed NAUGHRIGHT.

54. Robbins' conduct was generally foreseeable and a natural incident of the employment.

55. WHEREFORE, the Plaintiff, JAMIE ANN NAUGHRIGHT, demands judgment against the all Defendants, jointly and severally, for general and special damages, economic and noneconomic damages, and all other and further relief the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues and claims so triable.

Dated:  May 8, 2012

                                         s/ M. Ari Jacobson
                                         _____
                                         M. Ari Jacobson (MJ 3750)
                                         LAW OFFICES OF
                                         M. ARI JACOBSON
                                         Attorneys for Plaintiff
                                         Jamie Naughright
                                         1029 Teaneck Road, Suite 2D
                                         Teaneck, NJ 07666
                                         (201) 808-6529

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jamie A. Naughright,<br>                Plaintiff,<br>- against –<br>Woodson Merrell, MD<br>Urban Zen, LLC,<br>Urban Zen Foundation, and<br>Donna Karan Weiss,<br>                Defendants. | INDEX NO.<br><br>____-cv-_____<br><br>(_____)(_____)<br><br>**CERTIFICATE OF MERIT** |

M. Ari Jacobson, attorney for Plaintiff, affirms as follows:

I have reviewed the facts of the case as well as consulted with a physician whom I believe to be knowledgeable in the areas of expertise relevant to the matters involved in this suit.  Based upon said review and consultation, I believe there is a reasonable basis for the commencement of this action.

Dated:  May 8, 2012

                                                                                 s/ M. Ari Jacobson
                                                                                 _____
                                                                                 M. Ari Jacobson (MJ 3750)
                                                                                 LAW OFFICES OF
                                                                                 M. ARI JACOBSON
                                                                                 Attorneys for Plaintiff
                                                                                 Jamie Naughright
                                                                                 1029 Teaneck Road, Suite 2D
                                                                                 Teaneck, NJ 07666
                                                                                 (201) 808-6529