UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jamie A. Naughright,

                      Plaintiff,

- against –

Donna Karan Weiss,
Urban Zen, LLC,
Stephen M. Robbins,
John Does 1-25

                      Defendants.

INDEX NO.

10-cv-08451 (RWS)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PERMISSIVE JOINDER AND/OR FOR LEAVE TO AMEND COMPLAINT

M. Ari Jacobson (MJ 3750)
LAW OFFICES OF M. ARI JACOBSON
Attorneys for Plaintiff Jamie Naughright
1029 Teaneck Road, Suite 2D
Teaneck, NJ 07666
(201) 808-6529

Introduction

Plaintiff, by counsel, submits the following Memorandum of Law in Reply, in support of her Motion for for Permissive Joinder and/or for leave to Amend the Complaint.

Plaintiff, formerly pro se, has retained counsel. Counsel seeks the Court's permission to file an Amended Complaint and to join one corporate and one natural person as a party.

Leave may be given to Amend

1. As a preliminary issue, Defendants argue that the Court cannot hear a motion to for leave to amend the complaint because of its ruling on March 8, 2012. In said decision, this Court dismissed Plaintiff's Amended Complaint as to the Karan Defndantants, without leave to replead. While it is indeed within the discretion of the Court to grant leave to replead, such granting is permissible in reponse to the within motion. A Court may permit Amendment where it appears likely to lead to an actionable claim.

2. The purpose of dismissal is where it is unlikely that Plaintiff would be able to state a claim, even if replead. Where an action is without merit, or the Plaintiff's writings are enternally unintelligible, the proper remedy is dismissal. However,

3.	A Court may reject an Amended Complaint as per the cases cited in its opinion, <u>Rosza v. May Davis Group, Inc</u>., 187 F.Supp.2d 123 (2002), citing <u>Hayden v. County of Nassau</u>, 180 F. 3d 42.  In Rozsa, in a decision by Judge Sweet, the court reviewed the complaint carefully laid out by counsel. In that opinon, Judge Sweet stated that there was no special duty under the law that could make the defendants, securities broker-dealers, liable to the defendant for losses to her $5,000,000 investment.  Similarly, the <u>Hayden</u> court reviewed the underlying facts and said it would be impossible on these facts to state a claim for discrimination - no matter how well drafted the pleadings.

> "There is <u>nothing to suggest that appellants could replead</u> in a fashion which would sufficiently allege that Nassau County harbored an intent to discriminate against them <u>simply by attempting to minimize the adverse impact on black and minority applicants</u>. Additionally, appellants remain unable to allege discriminatory impact as the <u>factual background</u> does not support a claim that they were differentially impacted by the 1994 exam. (para.51)"

4.	Dismissal of a *Pro Se's* action may be proper if warning has been given that improper Amendment will lead to such final decision.  In <u>Clark v. County of Nassau</u>, the court noted that "The [trial] Court also warned plaintiffs that, should they 'fail to amend their complaint within thirty days'

in accord with the Court's directions, 'judgment shall be entered dismissing the action.' (April 10, 2007 Order, at 2.)" Clark v. Cty. of Nassau, 175 F.3d 1007, (2d Cir., 1999)  Here, the March 8 order stated: "While Plaintiff may have a valid claim …  at at this time the Complaint fails to allege the necessary facts to establish a viable cause of action. Leave to replead within twenty days is granted."  Plaintiff Naughright, when appearing *Pro Se,* indeed benefited from the express leave to replead.  However, in the absence of a warning of dismissal, it would be within the Court's discretion to allow repleading.

5.      Dismissal is also germaine where the pleadings are not merely insufficient, but unintelligible.  For example, where "the [Clark] Court again finds that plaintiffs' initial complaint and subsequent submissions, taken collectively, are so vague, ambiguous, and unintelligible that defendant is unable to identify the nature of the case, respond to the complaint, and prepare for trial."  Likewise, in Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988), a court could dismiss an action with prejudice where "leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."  This is not the case here, where well-written Complaints have been submitted.  Therefore, the court may permit amendment.

6.     As a matter of judicial economy, a Court needn't suffer endless re-writings of the same empty material, nor multiple unintelligible drafts. However, here Plaintiff has retained counsel, and thereby submitted a concise proposed Complaint for the Court's review.  The Complaint indeed states a claim for recovery under a theory of Negligent Credentialling, which make the Karan Defendants liable for permitting a purported Kabbalah Rabbi to perform chiropractic in its clinic.  This is not a restatement of the claims for misrepresentation.

Joinder

7.     Joinder is appropriate as to the Urban Zen Foudnation.  While the plaintiff Pro Se knew of this Foundation, it was reasonable for her to assume, that as a charity, the proper defendant was the LLC.  Upon retention of counsel, it became apparent that the Foundation may be legally co-extensive with the LLC.  If so, defendants should be equitably estopped from opposing joinder of this entity.

8.     Joinder is appropirate for Dr. Merrell because he is an appropriate party, a medical supervisor of the Urban Zen clinic.  The action against him is timely.  It would conserve judicial resources to consolidate the matters. He is also a necessary party vis-à-vis Defendant Roberts, even if the Karan

Defendants are dismissed.

Therefore, Plaintiff Naughright, by her legal counsel, should be given leave to file the Amended Complaint attached to this motion.

Dated:  June 11, 2012

                              s/ M. Ari Jacobson

                              _____
M. Ari Jacobson (MJ 3750)
LAW OFFICES OF M. ARI JACOBSON
Attorneys for Plaintiff Jamie Naughright
1029 Teaneck Road, Suite 2D
Teaneck, NJ 07666
(201) 808-6529