UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JAMIE A. NAUGHRIGHT,

                            Plaintiff,          10 Civ. 8451

  -against-                                     OPINION

DONNA KARAN WEISS, URBAN ZEN, LLC,
STEPHEN M. ROBBINS, JANE DOES 1-25,

                            Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorney for Plaintiff

        LAW OFFICES OF M. ARI JACOBSON
        1029 Teaneck Road, Suite 2D
        Teaneck, NJ  07666
        By:  M. Ari Jacobson, Esq.

        Attorneys for Defendants Donna Karan Weiss & Urban
        Zen, LLC

        GORDON & SILBER, P.C.
        355 Lexington Avenue
        New York, NY  10017
        By:  Laura Elizabeth Rodgers, Esq.

        Attorneys for Defendant Stephen M. Robbins

        GRANT RICHMAN, PLLC
        Liberty Building, Route 9W
        Stony Point, NY  10980
        By:  Howard Stewart Richman, Esq.

**Sweet, D.J.**

Defendant Stephen M. Robbins ("Robbins") has moved, pursuant to Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 for reconsideration of a portion of the Court's March 8, 2012 opinion (the "March 8 Opinion"). In the March 8 Opinion, the Court partially granted Robbins' motion to dismiss the fraud claim brought against him by Plaintiff Jamie A. Naughright ("Naughright," or the "Plaintiff"), but permitted a portion of Plaintiff's fraud cause of action to survive the motion to dismiss. In this present motion, Robbins is requesting that the Court reconsider the portion of the March 8 Opinion regarding Plaintiff's fraud claim against Robbins and issue an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's fraud claim in its entirety. For the reasons set forth below, Robbins' motion for reconsideration is granted, and Plaintiff's fraud claim against Robbins is dismissed in its entirety.

**Prior Proceedings**

Naughright, a resident of Florida, filed her initial complaint against Defendants Donna Karan Weiss and Urban Zen

1

(the "Karan Defendants," and, with Robbins, the "Defendants"), who are domiciled in New York, and Robbins, who is a California resident, in the Southern District of New York on November 8, 2010. Naughright's complaint alleged thirteen causes of action, all arising out of treatment rendered to Naughright by Robbins on November 9, 2009, which is alleged to have resulted in physical injury suffered by Naughright.[1] Both the Karan Defendants and Robbins moved to dismiss Naughright's initial complaint pursuant to Fed. R. Civ. P. 12(b)(6). On November 18, 2011, the Court granted Defendants' motions to dismiss, allowing Naughright twenty days to replead.

On December 9, 2011, Naughright filed her Amended Complaint, which alleged six causes of action characterized as (1) negligent misrepresentation against the Karan Defendants, (2) negligence against Robbins, (3) fraud against Robbins, (4) medical malpractice against Robbins, (5) battery against Robbins and (6) failure to obtain consent against Robbins. On

---

[1]   A more complete detailing of the facts alleged by Naughright can be found in the Court's November 18, 2011 opinion granting Defendants' motion to dismiss the initial complaint, as well as in the March 8 Opinion, which granted in part and denied in part Defendants' motion to dismiss the Amended Complaint. See Naughright v. Weiss, 826 F. Supp. 2d 676 (S.D.N.Y. 2011); Naughright v. Weiss, No. 10 Civ. 8451, 2012 WL 760185, at *1-3 (S.D.N.Y. Mar. 8, 2012).

January 10, 2012, the Karan Defendants filed their motion to dismiss the Amended Complaint, and Robbins filed a motion to dismiss on January 11. In the March 8 Opinion, the Court granted in part and denied in part Defendants' motions, dismissing the negligent misrepresentation claim against the Karan Defendants and partially dismissing the fraud claim against Robbins, but denying Robbins' motion to dismiss the negligence, medical malpractice, battery and the failure to obtain consent claims.

With respect to the fraud claim against Robbins, the Amended Complaint pled fraud on account of three of Robbins' statements: (1) statements made during Robbins' November 7, 2009 presentation in which he represented that he was affiliated with UCLA and USC Medical Centers; (2) statements made on November 7, 2009 in which Robbins stated that he could cure Naughright; and (3) statements that Robbins made representing that he was affiliated as a medical doctor with the LAPD. In the March 8 Opinion, the Court dismissed the Amended Complaint's fraud claim with respect to the allegations concerning Robbins' statements that he could cure Naughright and that he was affiliated as a medical doctor with the LAPD, as the Amended Complaint failed to provide

sufficient information concerning the time and place of these alleged statements to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).  See Naughright, 2012 WL 760185, at *8.  However, with respect to Robbins' statement that he was associated with UCLA and USC, the March 8 Opinion held that the Amended Complaint provided sufficient factual detail to satisfy the strictures of Rule 9(b), and Plaintiff's fraud allegations concerning this statement were held to be sufficient to survive the motion to dismiss.

On March 20, 2012, Robbins filed his motion for reconsideration, requesting that the Court revisit its ruling regarding Plaintiff's fraud claim and issue an order dismissing the Amended Complaint's fraud claim in its entirety.  After a delay in the briefing schedule caused by Plaintiff's retaining of counsel, the motion was marked fully submitted on June 7, 2012.

**The Applicable Standards**

   **A. Applicable Standard For A Motion To Reconsider**

4

The Plaintiff requests reconsideration of the March 8 Opinion pursuant to Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3. The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y. 2001) (granting reconsideration due to the court's erroneous application of a statute). The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. See Linden v. Dist. Council 1707-AFSCME,

415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Grp. Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration motion where movant "failed to demonstrate that the [lower] court overlooked any fact of consequence or controlling legal authority at the time the court decided [the case]").

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). A court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion

6

to reargue those issues already considered when a party does not like the way the original motion was resolved.") (quoting Davey v. Polan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)); ResQNet.com v. Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations and quotation marks omitted); Ballard v. Parkstone Energy, LLC, No. 06 Civ. 13099, 2008 WL 4298572, at *1 (S.D.N.Y. Sept. 19, 2008) ("Local Rule 6.3 is to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered.") (quoting Abrahamson v. Bd. of Educ. of the Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002).

Motions for reconsideration "are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked." Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted).

## B. Applicable Standard For A Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound

to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Robbins' Motion For Reconsideration Is Granted**

Under New York law, "[w]here a fraud claim gives rise to damages which are not separate and distinct from those flowing from an alleged medical malpractice cause of action, it must be dismissed." Karlin v. IVF Am., 239 A.D.2d 560, 561, 658 N.Y.S.2d 73 (2d Dep't 1997); accord Luciano v. Levine, 232 A.D.2d 378, 379, 648 N.Y.S.2d 149 (2d Dep't 1996); see also Meyers v. Epstein, 232 F. Supp. 2d 192, 200 (S.D.N.Y. 2002); Frangipane v. Dow Corning Corp., No. 95 Civ. 6214(RPP), 1998 WL 142354, at *4 (S.D.N.Y. Mar. 27, 1998); Rizk v. Cohen, 73 N.Y.2d 98, 105-06, 538 N.Y.S.2d 229, 535 N.E.2d 282 (1989). In evaluating the merits of Plaintiff's fraud claim in the March 8 Opinion, this Court focused exclusively on the issue of whether Plaintiff's Amended Complaint satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b). Because controlling precedent governing Plaintiff's fraud claim was not addressed, Robbins' motion for reconsideration is granted.

**Robbins' Motion To Dismiss Plaintiff's Fraud Claim In Its Entirety Is Granted**

The Amended Complaint fails to allege a fraud claim that gives rise to damages which are separate and distinct from those flowing from the alleged medical malpractice cause of action. Plaintiff's Amended Complaint, in alleging a cause of action for medical malpractice, states, that "Robbins held himself out to be a medical professional credentialed to do business in the medical field in the State of California" but that "[i]n fact, Robbins was not a qualified, licensed medical professional in any jurisdiction." Amend. Compl. ¶¶ 56, 57. Plaintiff's remaining fraud claim is premised on the allegation that "[i]n his presentation on November 7, 2009, Robbins falsely represented that he was affiliated with UCLA and USC Medical Centers and that he could cure Naughright." Id. ¶ 49. The Amended Complaint details no damages arising out of Robbins' alleged fraud that are separate from those damages Plaintiff suffered as a result of Robbins' alleged medical malpractice. Because New York law prohibits the bringing of both a medical malpractice claim and a fraud claim when no separate damages arose out of the alleged fraud,

10

Plaintiff has failed to establish a plausible fraud claim upon which relief can be granted, and Count III of the Amended Complaint is dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff, in opposing Robbins' motion for reconsideration, contends that Plaintiff's fraud claim can co-exist with her malpractice claim because Robbins' affirmative misrepresentations caused additional harm. Plaintiff contends that the Amended Complaint establishes that first Robbins negligently injured Plaintiff's spine before informing her that she needed to "let go" because she had "control issues." Plaintiff also contends that Robbins statement regarding Plaintiff's "control issues" diverted her from seeking a cure, and where fraud diverts a patient from seeking a cure, a medical practitioner can be held liable. Finally, Plaintiff, citing cases related to punitive damages, contends that a fraud claim is warranted on account of "Robbins' pattern of wanton damage." Plaintiff's arguments in no way relate to the alleged fraudulent statements at issue in this motion for reconsideration, namely the statements Robbins allegedly made on November 7, 2009 in which he claimed that he was affiliated with UCLA and USC Medical Centers. Because Plaintiff has

11

failed to present a fraud claim that gives rise to damages that are separate and distinct from those flowing from an alleged malpractice cause of action, Plaintiff's fraud claim is dismissed in its entirety.

**Conclusion**

Based on the conclusions set forth above, Robbins' motion for reconsideration is granted, and Plaintiff's cause of action for fraud is dismissed in its entirety.

It is so ordered.

**New York, NY**
**June 20, 2012**

_____
ROBERT W. SWEET
U.S.D.J.