```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JAMIE A. NAUGHRIGHT,

                        Plaintiff,            10 Civ. 8451

     -against-                                 OPINION

DONNA KARAN WEISS, URBAN ZEN, LLC,
STEPHEN M. ROBBINS, JOHN DOES 1-25,

                        Defendants.

------------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiff

          MIZZONE LAW FIRM, P.A.
          35 E. Grassy Sprain Road
          Yonkers, NY  10710
          By:  John A. Testa, Esq.

          Attorneys for Defendants
          Donna Karan Weiss and Urban Zen, LLC

          GORDON & SILBER, P.C.
          355 Lexington Avenue, 7th Floor
          New York, NY  10017-6603
          By:  Laura E. Rodgers, Esq.

          Attorneys for Defendant
          Stephen M. Robbins

          GOLDSMITH, RICHMAN & HARZ
          747 Third Avenue
          New York, NY  10017
          By:  Howard S. Richman, Esq.
```

**Sweet, D.J.**

Defendants Donna Karan Weiss ("Karan") and Urban Zen, LLC ("Urban Zen") (collectively referred to as the "Karan Defendants") have moved (i) for partial final judgment as to the Karan Defendants, pursuant to Fed. R. Civ. P. 54(b) ("Rule 54(b)"); (ii) to amend the caption by deleting the Karan Defendants, pursuant to Fed. R. Civ. P. 15; and (iii) to enjoin the plaintiff, Jamie A. Naughright ("Naughright" or the "Plaintiff") from continuing this action or instituting any further action or actions against the Karan Defendants, pursuant to 28 U.S.C. § 1927, 28 U.S.C. § 1651(a). Based upon the conclusions set forth below, the motion to amend the caption is granted and the motions for partial final judgment and for an injection are denied.

**Prior Proceedings**

Naughright filed a complaint against the defendants on November 8, 2010. The complaint was dismissed on November 18, 2011. The amended complaint was filed on December 9, 2011,

1

alleging injuries resulting from treatment Naughright received on November 8, 2009, at Karan's apartment.

In an opinion issued on March 7, 2012 (the "March 7 Opinion"), the negligent misrepresentation claim against the Karan Defendants was dismissed, the motion to dismiss the negligence claim against defendant Stephen M. Robbins ("Robbins") was denied, the fraud claim against Robbins was dismissed in part, and the motion to dismiss the medical malpractice battery and failure to obtain consent claims against Robbins were denied.

The instant motion was heard and marked fully submitted on December 12, 2012.

**The Applicable Rule 54(b) Standard**

In an action involving multiple claims or multiple parties, an order that finally disposes of fewer than all claims against all parties is generally not entered as a "final judgment." Rule 54(b). However, Rule 54(b) permits the court to expressly direct the entry of final judgment as to individually dismissed claims or parties when: (1) there has

2

been a "final decision" on at least one claim or the rights and liabilities of at least one party; and (2) the district court makes an express determination that there is "no just reason for delay" and expressly directs the clerk to enter judgment. Id.; see also, e.g., Correspondent Servs. Corp. v. J.V.W. Inv. Ltd., 232 F.R.D. 173 (S.D.N.Y. 2005). The determination of whether "there is no just reason for delay" is committed to the sound discretion of the district court, with the guiding principle of promoting the efficiency interests of both the district and appellate courts, as well as the balance of equities as to the parties. Id. at 175-76. The interests of justice and judicial economy are best served by entry of partial final judgment when: (1) the claims upon which final judgment is being entered are separable and extricable from any remaining claims; (2) the potential for duplicative work could be avoided if the dismissed claim was reversed in time to be tried with the remaining claims; and/or (3) there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997); Correspondent Servs., 232 F.R.D. at 175 (citations omitted).

**No Just Reason To Delay The Judgment Has Been Established**

Naughright has not opposed the 54(b) motion of the Karan Defendants. The claims against the Karan Defendants are separable from the claims against Robbins. Although the Karan Defendants were involved in the circumstances giving rise to Naughright's claims against Robbins, no basis for delaying the entry of a partial judgment dismissing claims against the Karan Defendants has been established.

A dismissal with prejudice pursuant to Rule 12(b)(6) is a final decision and judgment on the merits. See, e.g., Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 202 F. Supp. 2d 126, 136 (S.D.N.Y. 2002). Courts in this District have granted certification and entry of final judgment as to a particular defendant in the wake of a dismissal on Rule 12(b)(6) grounds. See, e.g., In re Refco, Inc. Sec. Litig., 609 F. Supp. 2d 304 (S.D.N.Y. 2009) (holding there was no just reason for delay, and directing the Clerk, pursuant to Fed. R. Civ. P. 54(b), to enter final judgment as to the dismissal of plaintiff's claims against a particular defendant pursuant to Rule 12(b)(6)).

Given the absence of a just reason to delay entry of a partial judgment, the motion for such an entry is granted.

**The Caption Is Amended**

Leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts routinely direct the clerk of the court to amend the caption and remove the names of parties that have been dismissed from the action. See, e.g., Bettinger v. Doueck, No. 10 Civ. 7653 (PKC), 2011 WL 2419799, at *8 (S.D.N.Y. June 3, 2011) (directing the clerk of the court to amend the caption to remove the name of a defendant who had been dismissed from the action on Rule 12(b)(6) grounds). Accordingly, the caption should be amended to reflect the dismissal with prejudice of the Karan Defendants and the Clerk of the Court should be directed to remove them as defendants from the Amended Complaint.

**No Basis For Injunctive Relief Has Been Established**

As noted by the Karan Defendants, "the traditional standards for injunctive relief, i.e., irreparable injury and inadequate remedy at law, do not apply to the issuance of an

injunction against a vexatious litigant...[and] a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel is enough" to warrant such a remedy. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (internal citations omitted). The determination as to whether injunctive relief is necessary or appropriate under the circumstances is left to the sound discretion of the District Court, guided by the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

The Karan Defendants have asserted that Naughright has an extensive history of filing repetitive lawsuits against or involving public figures, apparently having "spent the majority of eight years [1998 through 2005] filing legal complaints

6

against or about [Peyton] Manning...[some of which] had no basis in law or in fact and were fueled only by [plaintiff's] relentless search for revenge." Naughright v. Peyton Manning, No.: 05 Civ. 637 (2005), Document #16 at p. 1, 7 (M.D. Fla. 2005); see also Naughright v. Univ. of Tenn., et al., EEOC Complaint #25A963209 (1996); Naughright v. Peyton Manning, et al., No.: 02 Civ. 1026 (2002) (M.D. Fla. 2002). Also noted by the Karan Defendants is another personal injury action currently pending in Circuit Court, Polk County, Florida filed five months prior to the commencement of this lawsuit and in which Naughright seeks compensation for physical injuries of the kind she has alleged herein. See Naughright v. Deli Delicacies, Inc., et al., No.: 2010CA-005205-0000 (Fla. Cir. Ct. 2002).

In addition, correspondence has been submitted in which Naughright describes, or repeats, her condition and claims against Robbins and his representations.

Notwithstanding the above, however, no irreparable injury to the Karan Defendants has been established, nor has it been established that Naughright's conduct surpasses the threshold set forth in Martin-Trigona, 737 F.2d at 1262.

7

No basis for injunctive relief having been established, the motion of the Karan Defendants to bar Naughright from any action against them is denied at this time.

## Conclusion

The entry of a partial final judgment dismissing the claims against the Karan Defendants is granted, the caption is amended accordingly and the motion for injunction is denied.

It is so ordered.

**New York, NY**
**May 7, 2013**

_____
ROBERT W. SWEET

8