UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

JAMIE A. NAUGHRIGHT,

                        Plaintiff,           10 Civ. 8451

     -against-                       OPINION

STEPHEN M. ROBBINS, WOODSON MERRELL,
M.D., and JOHN DOES 1-25,

                        Defendants.

----------------------------------------X

A P P E A R A N C E S:

              Attorneys for Plaintiff

              LAW OFFICES OF M. ARI JACOBSON
              1029 Teaneck Road, Suite 2D
              Teaneck, NJ 07666
              By:  M. Ari Jacobson, Esq.

              Attorneys for Defendant
              Stephen M. Robbins

              GOLDSMITH, RICHMAN & HARZ
              747 Third Avenue
              New York, NY  10017
              By:  Howard S. Richman, Esq.

              Attorneys for Defendant
              Woodson Merrell, M.D.

              AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
              600 Third Avenue
              New York, NY 10016
              By:  Peter Joseph Fazio, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/14

**Sweet, D.J.**

Defendant Woodson Merrell, M.D. ("Merrell") moves, pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") to dismiss plaintiff Jaime A. Naughright's ("Naughright" or "Plaintiff") Second Amended Complaint filed on May 29, 2014.  Based upon the conclusions set forth below, the motion to dismiss the complaint as it relates to Merrell is granted.

**<u>Prior Proceedings</u>**

Naughright filed an initial complaint against Donna Karan Weiss ("Karan"), Urban Zen LLC ("Urban Zen"), Stephen M. Robbins ("Robbins") and John Does 1-25 on November 8, 2010, which was dismissed November 18, 2011.  Plaintiff filed a first amended complaint ("FAC") on December 9, 2011.  On March 8, 2012, the FAC's negligent misrepresentation claim against Karan and Urban Zen was dismissed, the motion to dismiss the negligence claim Robbins was denied, the fraud claim against Robbins was dismissed in part, and the motion to dismiss the medical malpractice battery and failure to obtain consent claims against Robbins were denied.  Naughright's subsequent motion for joinder of Merrell as a defendant was granted on October 22, 2013.  On May 29, 2014,

Naughright filed a second amended complaint ("SAC").  On August 12, 2014, Merrell filed a motion to dismiss the SAC as it relates to him for failure to state a claim pursuant to Rule 12(b)(6). The instant motion was heard and marked fully submitted on September 17, 2014.

**Facts**

The allegations of the SAC are assumed to be true and are summarized herein only to the extent necessary to dispose of Merrell's motion to dismiss.[1]

Karan established a health clinic through Urban Zen, in connection with which Merrell was an "independent contractor, employee, supervisor, and/or shareholder."  (SAC ¶¶ 12-13.) Merrell also held himself "out to be and acted in the role of medical director of the clinic."  (SAC ¶ 14.)

On November 6-8, 2009, Urban Zen hosted a "Healing Weekend" to promote itself and invited Robbins to treat

---

[1] A more complete detailing of the facts alleged by Naughright can be found in the Court's November 18, 2011 opinion granting the motion to dismiss the initial complaint, as well as in the March 8 Opinion, which granted in part and denied in part the motion to dismiss the FAC.  See Naughright v. Weiss, 826 F. Supp. 2d 676 (S.D.N.Y. 2011); Naughright v. Weiss, 857 F. Supp. 2d 462 (S.D.N.Y. 2012).

patients." (SAC ¶ 16.)  At the beginning of the event, Merrell gave a presentation where he "promoted Robbins and touted his qualifications." (SAC ¶¶ 18-20.)  Unbeknownst to Naughright, Robbins was not a licensed physician at the time. (SAC ¶ 40.) Merrell, however, had "actual knowledge of Robbins' lack of qualification and poor performance as a practitioner," since Robbins had previously treated and injured Merrell. (SAC ¶¶ 22-24.)  Merrell failed to revoke Robbins' privileges, warn Naughright, or otherwise intervene to stop Robbins' treatment. (SAC ¶¶ 25, 28.)

Naughright knew and trusted Merrell, as Merrell previously provided her with medical care and was an accredited physician at Beth Israel, a reputable hospital. (SAC ¶¶ 26-27.) Naughright allowed Robbins to treat her partly because Merrell did not warn her against doing so. (SAC ¶ 28.)  Naughright suffered various injuries as a result of Robbins' treatment.

Plaintiff asserts three counts against Merrell: Failure to Investigate; Failure to Select Only Qualified Practitioners; and Negligent Retention. (SAC ¶¶ 54-83.)  All of the causes of action are also characterized as "Negligent Credentialing." (SAC ¶¶ 54-83.)

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader.  Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556).  In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to

4

relief." <u>Twombly</u>, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" <u>Munoz-Nagel v. Guess, Inc.</u>, No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) (quoting <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 120 (2d Cir. 2010)) and <u>Prince v. Madison Square Garden</u>, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); <u>see also</u> <u>Williams v. Calderoni</u>, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012).  The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Twombly</u>, 550 U.S. at 555 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).

**<u>Discussion</u>**

**A. Plaintiff's Claims Against Merrell are Time-Barred**

In cases brought under diversity jurisdiction, federal courts apply state law for statute of limitations purposes. Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 710 (2d Cir. 2002).  As the claims against Merrell are made to recover damages for personal injuries occurring in New York State, they must be brought within three years of accrual of the injuries.  N.Y. C.P.L.R. § 214.

Naughright was injured on November 8, 2009.  (SAC ¶¶ 48-53.)  Naughright moved to join Merrell on December 26, 2012 and first made claims against him by filing the operative SAC and a summons on May 29, 2014.  Citing Rule 15(c) of the Federal Rules of Civil Procedure, Plaintiff contends that her claims against Merrell are not time barred because they relate back to the timely claims pleaded against Karan, Urban Zen, and Robbins in her initial complaint and in the FAC.  (Pl.'s Opp'n at 3.)  In other words, Naughright contends that Rule 15(c) allows allegations she made against Merrell in her May 29, 2014 SAC to be treated as if made in her in her earlier timely pleadings.

Rule 15(c) reads, in relevant part:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

6

> (A) the law that provides the applicable statute
> of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that
> arose out of the conduct, transaction, or occurrence
> set out--or attempted to be set out--in the original
> pleading; or
>
> (C) the amendment changes the party or the naming
> of the party against whom a claim is asserted, if Rule
> 15(c)(1)(B) is satisfied and if, within the period
> provided by Rule 4(m) for serving the summons and
> complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it
> will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action
> would have been brought against it, but for a mistake
> concerning the proper party's identity.

Fed. R. Civ. Pro. 15(c)(1).

"Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." Slayton v. Am. Exp. Co., 460 F.3d 215, 228 (2d Cir. 2006), as amended (Oct. 3, 2006) (internal citations and quotations omitted).

There are two ways in which Naughright's claims against Merrell may be deemed to relate back to her earlier

7

complaint. [2]  First, relation back is appropriate if the relevant
New York State statute of limitations provisions allow for it.
Fed. R. Civ. Pro. 15(c)(1)(A).  Second, claims against Merrell
can be deemed to relate back to the timely claims against the
prior defendants if: (1) these claims arise out of the same
transaction or occurrence as the earlier timely claims; (2)
Merrell received notice of the action within 120 days of service
of the earlier timely complaint; and (3) Merrell knew or should
have known, within 120 days of service of the earlier timely
complaint, that the action would have been brought against him,
but for a mistake concerning his identity.  See Fed. R. Civ. Pro.
15(c)(1)(C) (read in conjunction with Fed. R. Civ. Pro.
15(c)(1)(B) and Fed. R. Civ. Pro. 4(m) (imposing the 120 day
limit)).

### 1. Applicable New York Law Does Not Authorize Relation Back

As codified in C.P.L.R. 203(b), "[w]here the claim
against the new party would otherwise be barred by the applicable
statute of limitations, the claim may nonetheless be asserted
upon demonstrating that: (1) both claims arose out of the same

---

[2] Neither parties' briefs address the first state-law basis for relation back
under Rule 15(c)(1)(A).  However, a full relation back analysis must consider
whether there is an adequate state-law basis for relation back under Rule
15(c)(1)(A) as well as under Rule 15(c)(1)(C).

conduct, transaction, or occurrence, (2) the new party is united
in interest with the original defendant[s], and by reason of that
relationship can be charged with such notice of the institution
of the action that the new party will not be prejudiced in
maintaining its defense on the merits by the delayed, otherwise
stale, commencement, and (3) the new party knew or should have
known that, but for a mistake by the plaintiff as to the identity
of the proper parties, the action would have been brought against
that party as well." Pansini Stone Setting, Inc. v. Crow &
Sutton Associates, Inc., 46 A.D.3d 784, 786, 850 N.Y.S.2d 133,
135 (N.Y. App. Div. 2007); Stevens v. Winthrop S. Nassau Univ.
Health Sys., Inc., 89 A.D.3d 835, 836, 932 N.Y.S.2d 514, 516
(N.Y. App. Div. 2011).


        Naughright's claims against Merrell do not satisfy any
of C.P.L.R. 203(b)'s three elements.  As to the first element,
the appropriate inquiry is whether the later-in-time claim and
the earlier timely claim share a common set set of operative
facts, such that a later-added defendant would have sufficient
notice of his potential liability at the time the original timely
complaint was filed.  Pendleton v. City of New York, 44 A.D.3d
733, 736, 843 N.Y.S.2d 648, 652 (N.Y. App. Div. 2007) ("Where the
allegations of the original complaint gave the defendants notice

                              9

of the facts and occurrences giving rise to the new cause of
action, the new cause of action may be asserted . . . .  However,
where the original allegations did not provide the defendants
notice of the need to defend against the allegations of the
amended complaint, the doctrine is unavailable.")  In this case,
neither Naughright's initial complaint nor the FAC contain any
factual allegations pertaining to Merrell.  The earlier complaint
did not provide Merrell with notice that Naughright would later
allege that Merrell had a duty to warn her regarding Robbins,
that Merrell had a duty to supervise Robbins, or that Merrell had
a duty to ensure Robbins was adequately credentialed.  Rather,
the SAC introduced a novel set of facts necessary to substantiate
Naughright's claims against Merrell for negligent credentialing
and retention of Robbins.  (See, e.g., SAC ¶¶ 13-15, 18-28, 54-83
(claiming for the first time that Merrell occupied a supervisory
position at Urban Zen, and had a duty to ensure Robbins was
properly credentialed, to terminate Robbins based on his lack of
credentials, and to warn Naughright regarding Robbins's
deficiencies).)

        As to the second element, a party is united in interest
with another party where one is vicariously liable for the acts
of the other.  See Beck v. Consolidated Rail Corp., 2005, 394 F.

Supp. 2d 632, 640 (S.D.N.Y. 2005); Mongardi v. BJ's Wholesale
Club, Inc., 45 A.D.3d 1149, 1150, 846 N.Y.S.2d 441, 443 (N.Y.
App. Div. 2007); L & L Plumbing & Heating v. DePalo, 253 A.D.2d
517, 518, 677 N.Y.S.2d 153, 155 (N.Y. App. Div. 1998).
"Underlying the doctrine of vicarious liability . . . is the
notion of control." Kavanaugh by Gonzales v. Nussbaum, 71 N.Y.2d
535, 546, 523 N.E.2d 284, 287-88 (N.Y. 1988).  A hospital can be
vicariously liable for the acts of its employee-physician, and a
supervising physician can be liable for the acts of the colleague
he is supervising.  Turcsik v. Guthrie Clinic, Ltd., 12 A.D.3d
883, 886, 784 N.Y.S.2d 721, 723 (N.Y. App. Div. 2004).
Conversely, a hospital is not vicariously liable for the
malpractice of an independent physician with staff privileges, as
the two defendants owe the plaintiff distinctly different duties,
and they do not stand or fall together.  See Raschel v. Rish, 69
N.Y.2d 694, 697, 504 N.E.2d 389, 391 (1986) ("For a hospital to
be vicariously liable for the negligence of a physician,
ordinarily an employment relationship, rather than mere
affiliation, is required.") (internal citations omitted).  A
physician similarly cannot be held vicariously liable for the
torts of its hospital.  Anderson v. Montefiore Med. Ctr., 41
A.D.3d 105, 108, 837 N.Y.S.2d 98, 100 (N.Y. App. Div. 2007).

Naughright's claims against Merrell do not satisfy this second element.  The SAC does not allege that Merrell exercised control over Karan or Urban Zen sufficient to render him vicariously liable for their acts.  Naughright instead alleges that Merrell was "an independent contractor, employee, supervisor, and/or shareholder in Urban Zen"; that he served as medical director of Urban Zen's clinic; and that he "held himself out as medical director and/or credentialing body of Urban Zen." (SAC ¶¶ 13-14, 54.)  Naughright also alleges that Merrell breached his "duty to perform a diligent inquiry into [Robbins'] credentials to ensure that only qualified and competent professional are admitted to the hospital's medical staff."  (SAC ¶¶ 55-56.)  Finally, Naughright claimed that Merrell knew or should have known that Robbins' qualifications were inadequate and his treatments were medically unsound, but nevertheless promoted Robbins to Naughright.  (SAC ¶¶ 17, 19, 20, 22-28.) These pleadings do not establish the level of control that would support holding Merrell vicariously liable for Karan's or Urban Zen's acts.  Rather, the allegations at best give rise to an inference of the type of loose affiliation that the New York Court of Appeals has repeatedly rejected as a basis for vicarious liability.  See Raschel, 69 N.Y.2d at 697 (N.Y. 1986); see also Hill v. St. Clare's Hosp., 67 N.Y.2d 72, 79, 490 N.E.2d 823, 827

12

(N.Y. 1986) ("that a physician is a shareholder, officer or employee of a professional service corporation does not make him vicariously liable for the malpractice of another doctor who is an officer, director and employee of the corporation.")

Finally, nothing in Naughright's complaint can be fairly read to satisfy the third relation-back prong under New York law.  Plaintiff's counsel contends that she omitted Merrell because she was proceeding pro se and that, only with the benefit of counsel, did she realize Merrell should be joined as a defendant.  (Pl.'s Opp'n 7.)

First, as a factual matter, Naughright's initial complaint was filed by counsel, not pro se.  Second, Naughright's strategic misstep is not the sort of mistake to which the third prong refers – rather, a valid mistake refers to the plaintiff's inability to identify the correct defendant within the limitations period.  Buran, 87 N.Y.2d at 181, 661 N.E.2d at 983 (N.Y. 1995).  Conversely, "when a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired."  Id.  The SAC unequivocally

13

reveals Naughright's knowledge as to Merrell's identity and purported culpability at the time of her injuries and, therefore, at the time of her filing of the FAC and her initial complaint. (See SAC ¶¶ 18-22 (alleging that Merrell made a presentation supporting Robbins in the days preceding the treatment that led to Naughright's injuries); SAC ¶ 27 (alleging that Naughright was Merrell's patient).)

As such, Naughright's claims against Merrell cannot be deemed to relate back to her earlier timely claims under New York law.

### 2. The Claims Against Merrell Do Not Satisfy Rule 15(c)(1)(C)'s Requirements

The relation back inquiry under federal law is slightly different compared to the New York doctrine, but the outcome is the same. Relation back is appropriate under Rule 15(c)(1)(C) if Naughright can show that: (1) the claims against Merrell arise out of the same transaction or occurrence as the earlier timely claims; (2) Merrell received notice of the action within 120 days of service of the earlier timely complaint; and (3) Merrell knew or should have known, within 120 days of service of the earlier timely complaint, that the action would have been brought against

14

him, but for a mistake concerning his identity.  See Fed. R. Civ.
Pro. 15(c)(1)(C) (read in conjunction with Fed. R. Civ. Pro.
15(c)(1)(B) and Fed. R. Civ. Pro. 4(m) (imposing the 120 day
limit)).

        With respect to the first prong, "[f]or a newly added
action to relate back, the basic claim must have arisen out of
the conduct set forth in the original pleading. . . .  Where the
amended complaint does not allege a new claim but renders prior
allegations more definite and precise, relation back occurs."
Slayton, 460 F.3d at 228.  As discussed above, the conduct giving
rise to Naughright's claims against Merrell – his alleged failure
to properly evaluate Robbins, his decisions to hire and retain
Robbins, and his failure to warn Naughright – was not mentioned
in the FAC or the initial complaint.  Indeed, Naughright
previously only mentioned Merrell as one of the "reputable
physicians" with which Urban Zen fostered an affiliation.  (FAC ¶
11.)  Moreover, Naughright's claims against Merrell do more than
render her previous claims initially pleaded against Karan, Urban
Zen or Robbins more precise.  As explained above, Naughright's
claims against Merrell require a distinct set of new factual
allegations that were not pleaded in the FAC and initial
complaint.

Naughright has also failed to demonstrate that Merrell had notice of her claims within 120 days of the filing of the earlier complaints.  Nothing in the pleadings implies that Merrell knew or should have known, based upon Naughright's earlier complaint, that he would be sued.  Similarly, Plaintiff's memorandum of law in opposition to the instant motion relies on conjecture alone on this point.  Plaintiff contends that Merrell's close relationship with Karan "gave him notice of the action" and points to Merrell's decision to stop treating Naughright following her dismissal by Karan as an indication that Merrell had notice of her intention to sue.  (Pl.'s Opp'n 3.) She further contends that the "lawsuit was widely known among the general public" and points to newspaper articles discussing her allegations against Karan, Urban Zen and Robbins in support of her assertion.  (Pl.'s Opp'n 3.)  Even assuming Merrell was apprised of Naughright's claims within 120 days of the filing of an earlier complaint, he would not have notice of the novel claims against him until the filing of the SAC, well beyond the 120 day limit as set out under the relevant provisions of Rule 15 and Rule 4.  See Young-Flynn v. Kelly, 234 F.R.D. 70, 75 (S.D.N.Y. 2006) (finding insufficient notice where novel claims against a new defendant were introduced for the first time in a

16

second amended complaint, after the expiration of the applicable
statute of limitations).

Finally, Naughright's claims fail to meet the
requirements of the third prong under Rule 15(c)(1)(C).  A party
that "harbor[s] a misunderstanding about [the prospective
defendant's] status or role in the events giving rise to the
claim at issue, and . . . mistakenly choose[s] to sue a different
defendant based on that misimpression" can be said to have made a
mistake within the meaning of this prong.  Krupski v. Costa
Crociere S. p. A., 560 U.S. 538, 549, 130 S. Ct. 2485, 2494, 177
L. Ed. 2d 48 (2010).  However, "a deliberate choice to sue one
party instead of another while fully understanding the factual
and legal differences between the two parties is the antithesis
of making a mistake concerning the proper party's identity."  Id.
Ultimately, "relation back . . . depends on what the party to be
added knew or should have known, not on the amending party's
knowledge."  Id. at 541.

Naughright's actions constitute a deliberate choice
rather than a misunderstanding under Krupski.  Merrell could not
have reviewed the prior complaint and concluded, as Plaintiff
argues now, that Merrell was "the more appropriate defendant."

17

(Pl.'s Opp'n 7.)   Unlike the claims that related back in <u>Krupski</u>,
the claims against Merrell require additional factual allegations
in order to be substantiated, including that Merrell was
purportedly: a "medical director" at Urban Zen; responsible for
evaluating, hiring and retaining Robbins; aware that Robbins
lacked proper medical credentials and provided "poor treatment";
and, duty-bound to warn Naughright regarding Robbins' treatments
by virtue of having himself treated Naughright in the past.   (SAC
¶¶ 13-14, 19-20, 22-27, 54-83).   Since Naughright's previous
pleadings did not contain these allegations, Merrell was not
afforded notice of Naughright's claims within the statute of
limitations period.

Therefore, Naughright's claims do not relate back under
either Rule 15(c)(1)(A) or Rule 15(c)(1)(C) and are consequently
time-barred.

## B. Plaintiff's Claims Against Merrell Are Inadequately Pleaded

As an initial matter, it is unclear what cause of
action Plaintiff is pressing against Merrell.   In her brief on
this issue, Plaintiff relies exclusively on what are styled as
"negligent credentialing" claims, where a patient-plaintiff sues

18

a hospital for its negligence in hiring or furnishing medical
personnel whose treatment caused the plaintiff injuries.  (Pl.'s
Opp'n at 7-8.) citing Bleiler v. Bodnar, 65 N.Y.2d 65, 489
N.Y.S.2d 885 (N.Y. 1985) (claim against a hospital); Bryant v.
Presbyterian Hosp., 304 N.Y. 538, 541-542 (N.Y. 1953) (same);
Lewis v. Columbus Hosp., 1 A.D.2d 444, 151 N.Y.S.2d 391 (N.Y.
App. Div. 1956) (same); Hamburger v. Cornell Univ., 240 N.Y. 328,
148 N.E. 539 (N.Y. 1925) (same).  In none of the cases cited by
Plaintiff has a court allowed a suit against a physician for
negligently credentialing a fellow doctor.  Cf. Ortiz v. Jaber,
44 A.D.3d 632, 633, 843 N.Y.S.2d 384, 385 (N.Y. App. Div. 2007)
citing N.Y. Pub. Health Law § 2805-j (McKinney) (indicating that
hospitals have statutorily imposed obligations to review
physician credentials, which can serve as the basis for a
negligent credentialing claim).

    Even assuming that Plaintiff is pressing a claim of
negligent hiring, supervision or retention, she has failed to
meet the elements of such a claim.  In New York, "a claim for
negligent hiring, supervision or retention, in addition to the
standard elements of negligence, requires a plaintiff [to] show:
(1) that the tortfeasor and the defendant were in an employee-
employer relationship; (2) that the employer knew or should have

known of the employee's propensity for the conduct which caused
the injury prior to the injury's occurrence; and, (3) that the
tort was committed on the employer's premises or with the
employer's chattels." Biggs v. City of New York, No. 08 Civ.
8123, 2010 WL 4628360, at *9 (S.D.N.Y. Nov. 16, 2010) (internal
quotations omitted) quoting Ehrens v. Lutheran Church, 385 F.3d
232, 235 (2d Cir. 2004).

Plaintiff has not pleaded that Merrell was Robbins'
employer.  At best, Naughright's allegation that Urban Zen
"invited Robbins to treat patients" in November 2009 establishes
that Urban Zen, not Merrell, was Robbins' employer.  (SAC ¶ 16.)
Contrary to Plaintiff's contention, an employer-employee
relationship is required for this type of claim to move forward,
as a review of recent cases discussing this claim demonstrates.
See e.g. Dilworth v. Goldberg, 10 Civ. 2224, 2011 WL 3501869
(S.D.N.Y. July 28, 2011) report and recommendation adopted, 10
Civ. 2224, 2011 WL 4526555 (S.D.N.Y. Sept. 30, 2011) (employer-
employee relationship existed); Haight v. NYU Langone Med. Ctr.,
Inc., 13 Civ. 04993 LGS, 2014 WL 2933190 (S.D.N.Y. June 27, 2014)
(same); Biggs, 2010 WL 4628360 (same); Bowen v. Patrick, 11 Civ.
4799, 2012 WL 3743409 (S.D.N.Y. Aug. 29, 2012) report and
recommendation adopted, 11 Civ. 4799, 2012 WL 4320537 (S.D.N.Y.

Sept. 20, 2012) (same); <u>Doe v. Montefiore Med. Ctr.</u>, 12 Civ. 686

CM, 2013 WL 624688 (S.D.N.Y. Feb. 19, 2013) (same); <u>Doe v.</u>

<u>Guthrie Clinic, Ltd.</u>, 11-CV-6089, 2012 WL 531026 (W.D.N.Y. Feb.

17, 2012) aff'd in part, 519 F. App'x 719 (2d Cir. 2013) and

aff'd, 740 F.3d 864 (2d Cir. 2014) (same).


        Moreover, Plaintiff has not adequately alleged that

Robbins' conduct occurred on premises belonging to Merrell or

with his chattel.  To the contrary, the SAC clearly alleges that

Robbins's treatment occurred at Karan's apartment.  (SAC ¶¶ 29,

38, 49-52.) ³  As such , Plaintiff fails to the third element  of

the claim.


        Thus, Naughright's pleadings fail to make out the

necessary elements of her claims against Merrell, and therefore

fail under Rule 12(b)(6).


---

³ Plaintiff refers to Karan's apartment as "employer[']s premises, albeit at a
special location" but can offer no legal authority to substantiate that
assertion.  (Pl.'s Opp'n 9.)  Plaintiff's counsel cites only <u>Ehrens</u>,
explaining that the tort in that case took place off the employer's premises.
(Pl.'s Opp'n 9 fn. 4.)  However, the court in <u>Ehrens</u> ruled against the
plaintiff, holding that he "cannot satisfy the third element of a negligent
supervision cause of action—the requirement that the tort must have been
committed on the employer's premises or with the employer's chattels."
<u>Ehrens</u>, 385 F.3d at 236 (2d Cir. 2004).

**Conclusion**

As Plaintiff's claims are both substantively inadequate and time-barred, the claims against Merrell are dismissed with prejudice and the entry of final judgment is granted.  Robbins' invitation at oral argument for the Court to invalidate the entire SAC is declined – only the claims against Merrell are dismissed with prejudice and the rest of the allegations and claims in the SAC constitute the operative complaint.

It is so ordered.

New York, NY
October  /6, 2014

ROBERT W. SWEET
U.S.D.J.